UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JENNIFER LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CV-219-HSM-HBG |
| ) | |
| ) | |
| CELLCO PARTNERSHIP d/b/a ) | |
| VERIZON WIRELESS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court via telephone on April 29, 2019, for a conference regarding several discovery related disputes. Attorneys David Burkhalter, II, and David Burkhalter, III, were present on behalf of Plaintiff. Attorneys Justin Barnes and Mary Smith appeared on behalf of Defendant.

By way of background, Plaintiff's Complaint stems from her termination with Defendant. Plaintiff alleges that Defendant terminated her in violation of the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Tennessee Disability Act ("TDA"). Defendant claims that it terminated Plaintiff as part of its line access manipulation ("LAM") investigation. At the telephone conference, Defendant explained that it received several customer complaints, originating in New York, that telephone lines were added to accounts without customers' consent. After the company investigated the complaints in New York, Defendant

attempted to determine whether this was a nationwide problem. Afterwards, Defendant permitted individual markets to perform their own LAM investigations. Plaintiff worked as a District Manager in the Southeast Market. Defendant alleges that as a result of the LAM investigation performed by the Southeast Market, Plaintiff was terminated.

The present discovery disputes relate to the proper scope of Plaintiff's discovery requests. As an initial matter, Defendant agreed in its position statement to produce the following: (1) information regarding whether any of the District Managers in the Southeast Market, who were involuntarily terminated, took any leave or made requests for reasonable accommodations, and (2) a list of individuals nationwide who were disciplined as part of the LAM investigation. If Defendant has not already produced the above information, Defendant **SHALL** produce the information within fourteen (14) days of entry of this Order.

First, Plaintiff requests the disciplinary/termination records issued in connection with the initial LAM complaints for the employees in New York and similar records for the District Managers in New York. As Defendant explained during the telephone conference, after the nationwide data was reviewed, Defendant allowed each market to determine whether it should investigate the stores within its area. These investigations were led by the individual markets in their respective regions. Thus, the individuals who made the decision to terminate Plaintiff were not involved in the other markets' investigations and resulting discipline or terminations, and therefore, the Court finds such records irrelevant to this case.

Second, Plaintiff seeks the underlying LAM data that was subsequently reviewed on a nationwide basis as part of the compliance audit, including the activity reports. Defendant responded that Plaintiff's request is overbroad and that the data that it will produce will contain the information that is relevant to this case. Defendant asserted that the remaining information

Plaintiff seeks involving the nationwide investigation is irrelevant because the data Plaintiff requests was not reviewed as part of the investigation. Defendant proposed that it produce the relevant LAM data, and if Plaintiff is not satisfied, then the parties can schedule another telephone conference with the undersigned. The Court agrees that the best course of action is for Plaintiff to review the information that Defendant will produce and then determine whether such information is sufficient.

Further, Plaintiff requests that Defendant produce the disciplinary/termination records of the individuals who were disciplined/terminated as a result of the LAM investigation. The Court finds such records are not relevant or proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b). As mentioned above, each market determined whether to investigate, and the individuals who made the decision to terminate Plaintiff were not involved in the other markets' investigations and resulting terminations. In addition, Defendant explained that records are kept by each market and that each market would have to search and collect such records. This Court finds that such discovery is not proportional to the needs of the case.

Plaintiff also seeks Edward McGinty's emails, stating that he was involved in conducing the LAM investigation and interviews in Plaitniff's district prior to her termination. Defendant stated that it agreed to search eleven custodians' emails and proposed that after Plaintiff has reviewed such production, the parties can discuss searching additional custodians' emails, if necessary. The Court agrees with Defendant's proposal. After Plaintiff has had time to review the email production, if she believes additional searches are necessary, the parties shall meet and confer in a good-faith attempt to resolve any disputes. If they cannot resolve the disputes, the parties shall contact Chambers to schedule a hearing.

Plaintiff also seeks personnel records, including job applications and disciplinary/termination records, for the individuals who were involved in the decision to terminate Plaintiff, including Wendy Taccetta, Aswann Peters, and Stacy Tislow. Defendant explained that it produced records related to complaints against these individuals. Defendant objected to producing the performance and disciplinary records because such records are not relevant to Plaintiff's termination. The Court agrees that such records are not relevant to the issues in this case, and the undersigned declines to order Defendant to produce the above individuals' personnel records.

With respect to District Managers' records in the Southeast Market, as mentioned above, Defendant agreed to produce any requests for leave and reasonable accommodations made by the District Managers, who were terminated, but it objected to producing the personnel records for all eighty (80) District Managers. The Court finds that the personnel records of all eighty (80) District Managers are irrelevant and not proportional to the needs of this case. Further, during the telephone conference, Defendant agreed to produce records involving any terminations of District Managers in the Southeast Market for unethical sales practices and the termination records for the individuals Plaintiff specifically identified in her position statement (Thomas Brown, Jonathan Moss, Steven Bishop, and Kelly Parks). The Court finds that such discovery is sufficient under Federal Rule of Civil Procedure 26(b).

Further, the parties reported that Defendant produced redacted records and that the parties agreed that Defendant should submit the records to the Court for an in camera review. The Court has reviewed the unredacted records and finds the redactions to be appropriate. The redactions are limited to information that is not substantive or information that is irrelevant to the issues in this case.

As a final matter, after the above discovery is exchanged, if the parties have further discovery related disputes, they **SHALL** contact Chambers for another conference.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge